UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ALEXIS MORALES,

Defendant.

REPORT AND RECOMMENDATION
AND DECISION AND  ORDER
20-CR-6101-08-EAW-MJP

**Pedersen, M.J.** On June 22, 2021, the Court held oral argument for Defendant's Omnibus Motion (ECF No. 481.) The Court reserved on the issues of a conspiracy hearing (*James* hearing)[1] and suppression of tangible evidence. For the reasons stated below, the Court denies without prejudice the motion for a *James* hearing and recommends that the District Court deny the motion for suppression of physical evidence.

### *James Hearing*

Defendant requests a pretrial hearing on the admissibility of declarations of coconspirators. The Court denies this motion without prejudice to renewing the motion at the time of trial.

Also referred to as a "*James* hearing" after the Fifth Circuit case establishing the practice, *United States v. James*, 576 F.2d 1121, 1127–32 (5th Cir. 1978), *withdrawn and superseded in part by* 590 F.2d 575 (5th Cir. 1979) (*en banc*), *cert. denied*, 442 U.S. 917 (1979)[2], its functional equivalent in this Circuit is provided by

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979).
[2] "*United States v. Chestang,* 849 F.2d 528, 531 (11th Cir.1988), states that '*James* has been overruled to the extent that it did not allow district courts, in making preliminary

the trial court's determination at the close of the government's case that a preponderance of the evidence demonstrates "that there was a conspiracy, that both the declarant and the party against whom the statements are offered were members of the conspiracy, and that the statements were made during and in furtherance of the conspiracy*." United States v. Tellier*, 83 F.3d 578, 580 (2d Cir. 1996); *see also United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969); *United States v. Margiotta*, 688 F.2d 108, 136–37 (2d Cir. 1982); *United States v. Mastropieri*, 685 F.2d 776, 786–90 (2d Cir 1982).

"In making these preliminary factual determinations, the court may take into account the proffered out-of-court statements themselves if those statements are sufficiently reliable in light of independent corroborating evidence." *United States v. Daly*, 842 F.2d 1380, 1386 (2d Cir. 1988) (citing *Bourjaily v. United States*, 483 U.S. 171 (1987)). This "*Geaney* ruling"[3] is all that is required. Any co-conspirator statements should be admitted "subject to connection" during trial.

Accordingly, Defendant's motions for a *James* hearing should properly be brought before the District Court at the time of trial. The Court denies the motion for a *James* hearing without prejudice.

---

factual determinations . . . , to examine the co-conspirator statements sought to be admitted.' *See Bourjaily v. United States,* 483 U.S. 171, 178–79 (1987)." *United States v. Martinez-Perez*, 941 F.2d 295, 300 (5th Cir. 1991).

[3] *United States v. Geaney*, 417 F.2d 1116 (2d Cir. 1969).

*Suppression of Evidence Recovered from 37 Avenue D*

Defendant moves to suppress the search of 37 Avenue D. (Omnibus Motion at 2, ECF No. 481.) Probable cause to search a place exists if the issuing judge "make[s] a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The standard is one of "probability, and not a prima facie showing of criminal activity ..." *United States v. Travisano*, 724 F.2d 341, 346 (2d Cir. 1983). Probable cause "need not be based on direct, first-hand, or hard evidence." *United States v. Thomas*, 757 F.2d 1359, 1367 (2d Cir. 1985).

Once a search warrant has been issued, a reviewing court must accord substantial deference to the issuing judicial officer's prior finding of probable cause. The affidavit that supported the application "must be tested and interpreted by . . . courts in a common sense and realistic fashion." *United States v. Ventresca*, 380 U.S. 102, 108 (1965). The Second Circuit has summarized the principles that should guide a court in reviewing the probable cause determination of the judicial officer who issued the warrant:

> [The reviewing court's] after-the-fact examination of the papers is not to be *de novo* review. It should start with the proposition that the Magistrate's finding of probable cause is entitled to substantial deference. In fact, a search based upon a magistrate's determination will be upheld by a reviewing court on less persuasive evidence than would have justified a police officer acting on his own. Further, the magistrate's finding of probable cause is itself a substantial factor tending to uphold the validity of this warrant. This is particularly true

in close cases where doubts should be resolved in favor of upholding the warrant.

*United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983); *see also United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993).

This Court issued the search warrant for 37 Avenue D having found that the affidavit submitted by DEA Special Agent Sabatino Smith established sufficient probable cause that the residence would contain evidence of criminal activity. (Smith Aff in Supp of Criminal Comp and Search Warrants, ECF No. 1.) Placed in the position of having to review its own findings, this Court accords substantial deference to its initial findings.

The Smith Affidavit established sufficient probable cause to believe that 37 Avenue D contained evidence of drug dealing and other criminal activity. Specifically, the Smith Affidavit established that Alexis Morales was observed dealing drugs on numerous occasions. (Smith Aff., ¶¶ 37, 113–19, ECF No 1.) Morales used his vehicle, a white Chevrolet Tahoe, while conducting drug deals (Smith Aff., 113, 114, 117–120, 123, ECF No 1) and to travel to 4 Florack Street (a location used in by the drug trafficking organization) to pick up drugs and drop off money. (Smith Aff., ¶¶ 135–136, 153–54, ECF No 1.) The same vehicle was observed parked at 37 Avenue D on numerous occasions during the investigation (Smith Aff., ¶¶ 120, 427, ECF No 1), indicating not only that Morales resided at that location but also that the location was likely to contain drugs and other evidence of drug dealing. Additionally, Joshua Bauer, an alleged co-conspirator, was observed going from his residence directly to 37 Avenue D, and remaining there for only four minutes, indicating that Bauer went

to that location to drop off cash to Alexis Morales. (Smith Aff., ¶ 429b, ECF No 1.)

The Smith Affidavit established that drug dealers commonly and frequently keep at

their residences:

> • quantities of narcotics to maintain their ongoing drug distribution business;
>
> • paraphernalia for the packaging, diluting, cutting, weighing, processing and distributing of controlled substances, including scales, plastic bags, cutting agents and utensils;
>
> • firearms;
>
> • records, notes, and other papers relating to drug trafficking, some of which may be in code, including but not limited to sales receipts, shipping labels, shipping receipts, shipping boxes, order forms, storage receipts, records, operating manuals, computer records, publications, notes, checks, money orders, and money transfer receipts. The aforementioned records, notes, and other papers are commonly maintained where the drug possessor/trafficker has ready access to them, such as on their person, or in their homes, vehicles or businesses, or even in electronic storage devices, including, but not limited to computers, computer storage devices;
>
> • and other types of evidence.

(*Id.*, ¶ 377.) Thus, contrary to Defendant's contention, the Smith Affidavit

established ample probable cause to support this Court's search warrant for 37

Avenue D.

Defendant contends that the search warrant was a general warrant. This is

not the case. The search warrant for 37 Avenue D identified a specific location to be

searched (37 Avenue D, Downstairs Apartment) and it included a specific schedule

of seven categories of items to be seized. The officers executing the warrant were

directed and guided by the warrant with respect to what type of evidence could be

seized. The warrant also guided the officers as to how to search for digital media

that could be found on cell phones, computers and other digital media seized. The addendum to the warrant directed that "2. In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself."

Next Defendant attests that the officers did not act in good faith when executing the warrant. It is well settled that the exclusionary rule does not apply to evidence seized by police who have acted in reasonable reliance on a search warrant that was issued by a neutral magistrate, even if the magistrate's probable cause determination is incorrect. *United States v. Leon*, 468 U.S. 897 (1984). This exception applies so long as the magistrate has not abandoned his neutral role, the officer has not been dishonest or reckless in preparing the affidavit, and there are sufficient indicia of probable cause to permit a reasonable belief in its existence. *Id.*

The Court correctly found that sufficient probable cause existed to support the search warrant for 37 Avenue D. Assuming for purposes of argument that there was insufficient probable cause, Defendant has not shown and cannot show that the searching officers did not rely in good faith on the search warrant. Thus, even if the search warrant for 37 Avenue D lacked sufficient probable cause, the agents and officers who executed the search relied on it in good faith.  Additionally, any minimal deterrence that might result from applying the exclusionary rule in this case would not outweigh the heavy cost of excluding otherwise admissible and highly probative evidence seized at 37 Avenue D. *Herring v. United States*, 129 S. Ct. 695 (2009). For

the reasons stated above, the Court recommends that the District Court deny

Defendant's motion to suppress tangible evidence collected from 37 Avenue D.

## CONCLUSION

For the reasons stated above, the Court denies Defendant's motion for a *James*

hearing, without prejudice, and the Court also recommends the District Court deny

Defendant's motion to suppress physical evidence.

SO ORDERED.

DATED:      November 16, 2021
            Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge